**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| RYAN GRAVES, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Cause No. EP-24-CV-65-FM |
| | § | |
| S. HIJAR, Warden,[1] | § | |
|     Respondent. | § | |

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT AND
DISMISSING PETITIONER'S CAUSE**

Petitioner Ryan Graves, federal prisoner number 69834-509, challenges the execution of his sentence through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 3.[2] Respondent S. Hijar seeks dismissal or, in the alternative, summary judgment through an unopposed motion. Resp't's Mot. to Dismiss, ECF No. 7. After reviewing the record and for the following reasons, the Court concludes it should grant Hijar's motion and dismiss Graves' cause.

**BACKGROUND**

Graves is a 42-year-old inmate serving a 37-month sentence imposed after he pleaded

---

[1] Graves names the United States of America as Respondent. However, the federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004); *see also* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"). Accordingly, S. Hijar, the current warden at Graves' place of confinement, is the proper respondent and is substituted for the United States of America.

[2] *See Graves v. Hijar*, EP-24-CV-36-FM (W.D. Tex. Apr. 3, 2024), Order Granting Resp't's Mot. to Dismiss, ECF No. 10 (dismissing as moot Graves' petition under 28 U.S.C. § 2241 asking the Court to order Respondent to grant him credit toward his sentence for the time he spent in custody from the day he was detained on federal charges until the day he was sentenced); *Graves v. Warden*, No. EP-23-CV-462-FM (W.D. Tex. February 28, 2024), Dismissal Order, ECF No. 5 (dismissing Graves' petition under 28 U.S.C. § 2241 asking the Court to reduce his PATTERN risk and recidivism score because he failed to exhaust his administrative remedies).

guilty to being a felon in possession of a firearm. *United States v. Ryan Graves*, No. 7:21-CR-00306-DC-1, (W.D. Tex. Mar. 22, 2022), J. Crim. Case, ECF No. 33. He is currently confined at the La Tuna Federal Correctional Institution (FCI La Tuna) in Anthony, Texas. *See* Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc (search for Reg. 69834-509, last visited May 8, 2024). His projected release date is September 30, 2024. *Id.*

Graves claims the Federal Bureau of Prisons (BOP) relied on incorrect information when it determined his Prisoner Assessment Tool Targeting Estimated Risks and Needs (PATTERN) risk and recidivism score was "medium." Pet'r's Pet., ECF No. 3 at 6; Resp't's Mot. to Dismiss, Appendix A, ECF No. 7-7 at 2. Specifically, he claims the information concerning his age, criminal history points, programs completed, and work programs is incorrect. Pet'r's Pet., ECF No. 3 at 7, 8. He asserts, as a consequence of this error, the BOP has prevented him from receiving the First Step Act (FSA) time credits he earned for programs he has completed. *Id*. at 6–7. He asks the Court to intervene on his behalf and order Respondent S. Hijar to correct his PATTERN score and grant him additional time credits toward his sentence. *Id*. at 8.

Hijar moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, for summary judgment under Federal Rule of Civil Procedure 56. Resp't's Mot. to Dismiss, ECF No. 7. She asserts (1) Graves has not exhausted his administrative remedies, (2) the Court has no jurisdiction under § 2241 to adjudicate his claims concerning Graves' PATTERN score, and (3) the BOP has properly calculated Graves' PATTERN score. *Id.* at 2–13.

**STANDARD OF REVIEW**

A prisoner may attack "the manner in which his sentence is carried out or the prison authorities' determination of its duration" through a petition for a writ of habeas corpus under 28

U.S.C. § 2241. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a prisoner must show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

A Rule 12(b)(1) motion to dismiss challenges the subject-matter jurisdiction of a federal court. Fed. R. Civ. P. 12(b)(1). It permits a court to dismiss a case when it lacks the statutory or constitutional authority to adjudicate the dispute. *Walmart Inc. v. U.S. Dep't of Just.*, 21 F.4th 300, 307 (5th Cir. 2021); *Home Builders Assoc. of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). When considering a Rule 12(b)(1) motion, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001) (citation omitted).

Rule 56 permits a court to "grant summary judgment if the movant shows there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment bears the initial burden of specifying the basis upon which he contends judgment should be granted, and of identifying the portion of the record which, in his opinion, demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). While the movant must demonstrate the absence of a genuine issue of material fact, it does not need to "'negate the elements of the nonmovant's case.'" *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 n.16 (5th Cir. 1994) ). A fact is material only if it "might affect the outcome of the suit." *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019) (citing

*Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)).

## ANALYSIS

### A. Exhaustion.

Graves challenges the calculation of his PATTERN risk and recidivism score. Pet'r's Pet., ECF No. 3 at 6. He claims he asked his warden to correct the score using a Form BP-9, but he was told the score was automatically calculated by a computer program and it could not be changed at FCI La Tuna. *Id*. at 3.

A federal court does "not have jurisdiction over grievances related to [the] computation of sentences and sentencing credit *until* exhaustion of administrative review by the Bureau of Prisons." *Falcetta v. United States*, No. 20-50247, 2021 WL 5766571, at *1 (5th Cir. Dec. 3, 2021) (emphasis added) (citing *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992); *United States v. Wilson*, 503 U.S. 329, 335–36 (1992)); *see also Fillingham v. United States*, 867 F.3d 531, 535 (5th Cir. 2017) ("[A] federal prisoner filing a § 2241 petition must first pursue all available administrative remedies."). Exhaustion in this context means "proper exhaustion," including compliance with all administrative deadlines and procedures. *Cf. Woodford v. Ngo*, 548 U.S 81, 90 (2006) (discussing exhaustion in the context of the Prison Litigation Reform Act).

A federal prisoner must use the BOP's multi-tiered administrative remedy program to "seek formal review of an issue relating to any aspect of [his] confinement." 28 C.F.R. § 542.10(a). Initially, he must attempt to informally resolve the complaint with the staff with a Form BP-8. *Id*. § 542.13(a). If his informal attempts are unsuccessful, he must submit a written complaint to his warden on a Form BP-9. *Id*. § 542.14. If he is not satisfied with the warden's response, he may appeal to his regional director on a Form BP-10. *Id*. § 542.15. If still not satisfied, he may appeal

to the "Central Office" using a Form BP-11. *Id.*

A prisoner may consider the absence of a timely response a denial at that level and proceed to the next level. *Id.* But he may seek relief in federal court only after he has exhausted all levels of the administrative review process. *Woodford*, 548 U.S at 90–91 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."); *Lundy v. Osborn*, 555 F.2d 534, 535 (5th Cir. 1977) ("Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case.").

According to Graves' petition, he has not pursued his administrative remedies beyond a Form BP-9. Pet'r's Pet., ECF No. 3 at 3. According to BOP records, Graves has not filed a single administrative remedy during his incarceration. Resp't's Mot. to Dismiss, ECF No. 7, Ex. A, ¶ 9. Moreover, there is no record of Graves ever submitting a Form BP-9 at FCI La Tuna—or anywhere else within the BOP. *Id*., ¶ 9, Attach. 1.

Consequently, the Court finds that Graves has failed to exhaust his administrative remedies—and it accordingly lacks the statutory or constitutional authority to adjudicate his dispute with the BOP. It notes that dismissal on this basis alone is warranted. *See Rivkin v. Tamez*, 351 F. App'x 876, 877–78 (5th Cir. 2009) (per curiam) (affirming dismissal of prisoner's § 2241 petition for failure to exhaust administrative remedies). But even if Graves had properly exhausted, the Court would still not grant him § 2241 relief.

### B. Favorable Determination of Graves' Claim Would *Not* Automatically Entitle Him to Accelerated release

Graves claims his PATTERN risk and recidivism score was not properly calculated. Pet'r's

5

Pet., ECF No. 3 at 6. He asks the Court to order the BOP to input the correct information so that his risk level will be "low," and he will be eligible for prerelease custody or supervised release for risk and needs assessment system participants under 18 U.S.C. § 3624(g)(1). *Id.* at p. 8.

"After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *See United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed")); *see also* 28 C.F.R. § 0.96 ("The Director of the Bureau of Prisons is authorized to exercise or perform any of the authority, functions, or duties conferred or imposed upon the Attorney General by any law relating to the commitment, control, or treatment of persons (including insane prisoners and juvenile delinquents) charged with or convicted of offenses against the United States."). Accordingly, only the Attorney General, through the BOP, may compute time credits for prisoners. *Wilson*, 503 U.S. at 334–35; *see also Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003) ("The Attorney General, through the Bureau of Prisons (BOP), determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences."); 18 U.S.C. § 3585(b).

The FSA adjusts the way the BOP calculates good-time credit. It increases the maximum number of days inmates may earn per year from 47 to 54. 18 U.S.C. § 3624(b)(1). It also gives prisoners the opportunity to earn ten additional days of time credits for every 30 days of successful participation in Evidence Based Recidivism Programs (EBRR) and Productive Activities (PA). *Id.* § 3632(d)(4)(A)(i). It allows offenders at a "minimum" or "low" risk of recidivating to earn an additional five days of time credits if they do not increase their PATTERN score levels over two

consecutive assessments. *Id.* § 3632(d)(4)(A)(ii).

But earned time credits are "applied toward time in prerelease custody or supervised release." *Id.* § 3632(d)(4)(C). And the Director may transfer a prisoner into prerelease custody or supervised release only in accordance with 18 U.S.C. § 3624(c). *Id.* So, under the applicable statutory scheme, the Director retains the *discretion* to determine whether a prisoner will (1) receive time credits toward the completion of his sentence, and (2) be placed in a community corrections facility or home confinement.

A habeas corpus petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[I]f a favorable determination of the prisoner's claim would *not* automatically entitle [the prisoner] to accelerated release, then the proper vehicle is a civil rights suit." *Falcetta v. Rosalez*, No. 23-50159, 2024 WL 890124, at *2 (5th Cir. Mar. 1, 2024) (citing *Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020)).

A favorable change in Graves' PATTERN risk and recidivism score would not mean that he is entitled to an accelerated release from prison. Consequently, he cannot establish that he is entitled to § 2241 relief—and Hijar is therefore entitled to judgment as a matter of law.

## CONCLUSIONS AND ORDERS

The Court concludes that Graves has not exhausted his administrative remedies and it lacks the jurisdiction necessary to adjudicate his claims. The Court further concludes that there are no genuine issues of material fact, and that Hijar is entitled to judgment as a matter of law. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that "Respondent's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment" (ECF No. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner Ryan Graves' "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" (ECF No. 3) is **DENIED** and his cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED** this 9th day of May 2024.

_____
**FRANK MONTALVO**
**SENIOR UNITED STATES DISTRICT JUDGE**